UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE LIPSCOMB,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. OLIVAS, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01127-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS MOOT<br><br>FINDINGS AND RECOMMENDATIONS THAT THE FEDERAL CLAIMS BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM AND THE COURT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS<br><br>(ECF No. 6, 7)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Jessie Lipscomb ("Plaintiff") is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The Court screened Plaintiff's complaint and Plaintiff was granted leave to amend.  Plaintiff's first amended complaint, filed on September 20, 2021, is currently before the court for screening.  (Doc. 6.)

　　　　Plaintiff also filed on September 20, 2021 a motion for an extension of time to file his amended complaint in compliance with the Court's screening order. As Plaintiff has now filed his first amended complaint, an extension of time is unnecessary.  Therefore, the Court will deny the

request for extension as MOOT.

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events in the complaint apparently occurred. Plaintiff names as defendants: (1) J. Olivas, Correctional Officer, (2) Gillis, Correctional Officer, (3) Perez, Correctional Officer, (4) Cartez, Correctional Officer, (5) H. Medina, Correctional Officer, (6) Martinez, Correctional Officer, (7) Sanchez, Correctional Officer, (8) Beard, Correctional Sergeant, (9) T. Cisneros, Warden, and (10) M. Johnson, Correctional Supervising Cook ("CSC"). The defendants are sued in their individual capacities.

In claim 1, Plaintiff alleges a violation of the Eighth Amendment when Officer Olivas failed to provide adequate protection that led to Plaintiff being assaulted. Plaintiff alleges as follows. On November 11, 2020, Plaintiff was working during breakfast B Facility as an inmate cook in the secured area behind the dining hall. Building 2, which houses developmentally disable inmates, was released. Due to COVID 19 feeding protocol, when building 2 was done eating, the chow hall was to be secured before the next feeding. No inmate who is not assigned as a kitchen worker should remain in the chow hall. While Plaintiff was standing at the grill, a developmentally disabled inmate, Johnson, made his way through a secured door where Plaintiff was working. Johnson was not assigned to work there and was not supposed to be there. Johnson assaulted Plaintiff by hitting him on the head with a foxtail broom.

Correctional Officer Olivas was the assigned kitchen officer to provide security and safety. When the developmentally disabled inmates were released for chow, Defendant Olivas left his post where he secured the work area of the kitchen to go to the back dock and unload a truck. Defendant Olivas knew that he should not leave the kitchen during chow to unload the truck and knew that when the developmentally disabled building is released that Olivas should be on high alert. When inmate Johnson assaulted Plaintiff, Defendant Olivas was not in the building leaving the secured door to Plaintiff's work area unsecured. Plaintiff received multiple severe injuries.

Defendant Gillis did not provide adequate protection which led to Plaintiff being assaulted. Defendant Gillis was at B Facility dining room area for security purposes on November 11, 2020 and was assigned the developmentally disabled building. Due to COVID, feeding protocol is that one building at a time is allowed into the chow hall for breakfast. When the building is done, Defendant Gillis' duties are to secure the dining hall from inmates who are not assigned to work there. Inmate Johnson was allowed to remain in the dining hall. Gillis knows the history of inmate Johnson and Plaintiff. Defendant Gillis failed to follow protocol by securing the dining hall and inmate Johnson remained in the chow hall while other buildings were being fed. Defendant Gillis failed to locate inmate Johnson and Johnson was locked inside of the dining hall even though Gillis knew Johnson was not assigned to work in the kitchen. Johnson was able to get into Plaintiff's work area and assault Plaintiff.

Defendants Perez, Cartez and Medina violated Plaintiff's Eighth Amendment rights when they failed to provide adequate protection.  On November 11, 2020, Defendant Perez, Cartez, and Medina were in the chow hall for security.  One of their duties was to locate any threat and to remove the threat.  During chow, Defendant Perez's, Cartez's and Medina's lack of security allowed inmate Johnson to remain in the chow hall and in an out of bounds area.  Defendants failed to discover inmate Johnson.  Due to the COVID feeding protocols, Defendant Perez, Cartez and Medina were to make sure that once everyone was done feeding, everyone must leave the dining hall.  This security failure led to Plaintiff being assaulted.

Defendants Martinez and Sanchez violated Plaintiff's Eighth Amendment rights because they failed to provide adequate protection.  Defendant Martinez and Sanchez are the developmentally disabled security officers for B Facility.  Martinez and Sanchez are supposed to know the whereabouts of these inmates and to keep watch over them.  On November 11, 2020, Martinez and Sanchez failed to discover inmate Johnson had failed to return to his building after chow and locate him. When inmate Johnson failed to report to Defendant Martinez and Sanchez when the inmates returned from chow, the assault by Johnson took place.  It is Defendants' responsibility to prevent such an incident and they knew the history between inmate Johnson and Plaintiff.

Defendant Sgt. Bread violated Plaintiff's Eighth Amendment rights when he failed to provide adequate security.  On November 11, 2020, Sgt Bread was the supervisory officer inside and outside the chow hall.  Sgt. Bread came into the chow hall and through the secured door to talk to Defendant Olivas.  He had the same obligation as the corrections officers to provide adequate security.  Sgt. Bread knew to be on high alert when the developmentally disabled inmates were released, and that inmate Johnson was not assigned to work in the chow hall.  His lack of security lead to Plaintiff being assaulted. In the RVR, Sgt Bread said he knew of the history between Plaintiff and inmate Johnson.

Defendant Warden Cisneros violated Plaintiff's Eighth Amendment rights when he changed protocol for feeding that lead to Plaintiff being assaulted. Defendant Cisneros had forwarded a memorandum to Facility B dining staff how chow was to be run during COVID.

4

On November 11, 2020, correctional officers were under direct order on how chow should be run. Defendant Cisneros neglected to say in his memorandum how developmentally disabled inmates are to be feed and knew they would be among the general population. He failed to properly address security which led to Plaintiff's assault.

Plaintiff alleges that Defendant CSC Johnson violated Plaintiff's Eighth Amendment right when he left open the security door which led to Plaintiff being assaulted. CSC Johnson opened the secured work area door which allowed inmate Johnson access to Plaintiff's work area. CSC Johnson is not allowed to open secured doors. This is not protocol for a free staff cook. CSC Johnson saw inmate Johnson attempt to breach the security door and should have reported it to correctional officers. Instead, he opened the door for an inmate that CSC Johnson knew did not work in the kitchen. When CSC Johnson witnessed the assault, he failed to push his alarm and instead when to the back dock to locate Defendant Olivas who then pushed the alarm.

As remedies, Plaintiff seeks compensatory and punitive damages.

**III.    Discussion**

Plaintiff fails to state a cognizable claim. Despite being provided the legal and pleading standards, Plaintiff has been unable to cure the deficiencies.

**A. Supervisor Liability**

Insofar as Plaintiff is attempting to sue Defendant Sgt. Beard or Warden Cisneros, or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a

repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom established by a... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has failed to allege direct participation in the alleged violations by Defendant Cisneros. Plaintiff has failed to allege the causal link between defendant and the claimed constitutional violation which must be specifically alleged. He does not make a sufficient showing of any personal participation, direction, or knowledge on the defendant's part regarding any other prison officials' actions. Plaintiff has not alleged that the defendant personally participated in the alleged deprivations.

In addition, it appears that a policy regarding feeding protocols is purportedly at issue. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the alleged constitutional violations. See *Willard v. Cal. Dep't of Corr. & Rehab.*, No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation."). Plaintiff has failed to allege facts demonstrating that the policy regarding feeding protocols is itself a repudiation of Plaintiff's Eighth Amendment rights. Plaintiff also has not alleged that the feeding protocol resulted in a violation of his Eighth Amendment rights. That the feeding protocol does not specify how the developmentally disabled inmates are handled does not violate Plaintiff's

6

Eighth Amendment rights.

### D.     Failure to Protect

Plaintiff alleges a failure to protect Plaintiff from injury by inmate Johnson.

While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). " 'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.,* 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.' " Labatad, 714 F.3d at 1160 (quoting Farmer, 511 U.S. at 847). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. *See Farmer*, 511 U.S. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. *Farmer*, 511 U.S. at 844.

Plaintiff fails to state a cognizable claim for failure to protect.  Plaintiff fails to adequately allege that any of the defendants knew that Plaintiff was at risk of attack. Although Plaintiff states that inmate Johnson was not taken out when chow was over and the kitchen door was left open so that inmate Johnson made his way to where plaintiff was working, there is no allegation that any of the defendants were aware of any specific risk of an assault on Plaintiff, or that they were aware of conditions posing a specific risk of harm to Plaintiff.  Plaintiff does not allege that any defendant knew inmate Johnson had not been returned to his cell, posed a risk, **and** disregarded that risk. There is no allegation that any defendant saw inmate Johnson in the secured area and

7

perceived that he posed a risk to Plaintiff. As in the original complaint, Plaintiff fails to adequately allege that any of the named Defendants knew of any specific risk of harm to Plaintiff from an assault by an inmate. Plaintiff has failed to allege plausible facts that the officials knew of and disregarded an excessive risk to inmate health or safety. Plaintiff has been unable to cure this deficiency.

At most, Plaintiff alleges that the defendants were negligent in their duties in not returning inmate Johnson to his cell following chow or negligent in not seeing inmate Johnson in Plaintiff's work area and anticipating an assault. Plaintiff alleges the door should have not been opened. Plaintiff alleges it was each of the defendant's duty to ensure the door was secured, inmates were returned following chow, and remove threats.  Each failed that duty.  These allegations are insufficient to establish an Eighth Amendment violation.  Plaintiff does not allege that any defendant knew inmate Johnson had not been returned to his cell, posed a risk, **and** disregarded that risk.

Plaintiff alleges that Defendant CSC Johnson violated protocol by opening the secured door for inmate Johnson.  Plaintiff alleges that cook staff are not allowed to open secured doors.

Plaintiff cannot state a cognizable claim for violation of protocols.  To the extent that defendants have not complied with applicable state statutes or prison regulations, this deprivation does not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996)); *see Davis v. Kissinger*, No. CIV S-04-0878-GEB-DAD-P, 2009 WL 256574, *12 n. 4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Thus, the violation of any state law or regulation that reaches beyond the rights protected by the federal Constitution and/or the violation of any prison regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent

cause of action under § 1983. Accordingly, Plaintiff cannot maintain a § 1983 claim for violations of Title 15, other California law, or correctional protocols. At most, Plaintiff alleges CSC Johnson was negligent.

### E.  State Law Claims

Plaintiff may be able to allege state law tort claim for negligence. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. Plaintiff has been unable to state a cognizable §1983 claim, and the Court will not exercise supplemental jurisdiction without a cognizable federal law claim.

Further, the Government Claims Act requires exhaustion of Plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. *Shirk v. Vista Unified Sch. Dist*., 42 Cal. 4th 201, 208–09, 64 Cal.Rptr.3d 210, 164 P.3d 630 (Cal. 2007); *State v. Superior Court of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004); *Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs*., 237 F.3d 1101, 1111 (9th Cir. 2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *Karim– Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

On September 20, 2021 (Doc. 8), Plaintiff filed a documents stating that he had filed a Government Claim and that he has corrected the problem noted in response to his Claim.  As Plaintiff may be able to state a cognizable claim under state law, the state law claims will be dismissed without prejudice subject to filing in the appropriate state forum.

**IV.     Conclusion and Order**

Plaintiff request for extension of time to file an amended complaint is DENIED as MOOT.

For the reasons stated, Plaintiff's first amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

IT IS HEREBY RECOMMENDED as follows:

1. The federal claims in this action be dismissed, with prejudice, based on Plaintiff's failure to state a cognizable claim upon which relief may be granted; and
2. The Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 23, 2021**               /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE